Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street
Suite 3100
Los Angeles, California 90071
Telephone: (213) 426-2137

Attorneys for Plaintiff
XPOSURE PHOTO AGENCY INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XPOSURE PHOTO AGENCY INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>ISABELLA KHIAR HADID p/k/a BELLA HADID,<br><br>*Defendant*. | Case No. 2:19-cv-10587<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>*Jury Trial Demanded* |

Plaintiff Xposure Photo Agency Inc., for its Complaint against defendant Isabella Khiar Hadid, professionally known as Bella Hadid ("Hadid"), alleges as follows:

1. This is an action for copyright infringement brought by plaintiff, the holder of the copyright to the photographs described below, against defendant for uses of plaintiff's photographs without authorization or permission.

## JURISDICTION AND VENUE

2. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq.

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question), § 1338 (copyright).

4. This Court has personal jurisdiction over defendant Hadid because, on information and belief, she maintains a residence in the State of California and this judicial district and/or, on information and belief, is also doing business in the State of California and in this judicial district.

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1400(a).

## PARTIES

6. Plaintiff Xposure Photo Agency Inc. is an entity organized and existing under the laws of the State of California with its principal place of business in Beverly Hills, California, in this judicial district. Plaintiff is a photo agency that maintains a library of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty.

7. Plaintiff licenses such photographs to leading magazines, newspapers, and editorial clients, throughout the world, including in the United States and in California.

8. Defendant Hadid is a model, businesswoman, and entrepreneur. Her business interests include or have included modeling women's clothing, fragrance lines, make-up products, and reality television appearances.

## BACKGROUND FACTS

**A. The Infringed Images**

9. Plaintiff is the owner and copyright holder of photographic images (the "Photographs") depicting Hadid in public as follows:

    a. Image 1, depicting Hadid in a gown at the 2016 GQ Men of the Year Awards, was registered to plaintiff with Registration No. VA 2-050-306 in compliance with the Copyright Act.

b. Image 2, depicting Hadid in a pink top, was registered to plaintiff with Registration No. VA 2-058-498 in compliance with the Copyright Act.

c. Image 3, depicting Hadid arriving at a Tommy Hilfiger fitting a blue track suit, was registered to plaintiff with Registration No. VA 2-075-937 in compliance with the Copyright Act.

d. Images 4 and 5, depicting Hadid wearing a crop top, shorts, and boots, were registered to plaintiff with Registration No. VA 2-120-540 in compliance with the Copyright Act.

**B.     Defendant's Unauthorized Uses**

10. Plaintiff never licensed the Photographs to defendants. Nevertheless, defendant used, and continue to use, the Photographs without authorization or permission from plaintiff to do so.

11. Specifically, Hadid or someone acting on her behalf copied the Photographs and distributed them on Instagram, via the @bellahadid account, as follows:

a. Defendant used Image 1 by copying and displaying it on Instagram on September 6, 2016.

b. Defendant used Image 2 by copying and displaying it on Instagram on April 21, 2017.

c. Defendant used Image 3 by copying and displaying it on her Instagram Story on September 19, 2017.

d. Defendant used Images 4 and 5 by copying and displaying it on Instagram on June 17, 2018, which as set forth below was after notice of her previous infringing acts.

12. Plaintiff notified Hadid, through her representatives, of her infringement of Images 1 through 3, through her representatives, by letter dated November 16, 2017.

13. Nevertheless, as of the filing of this Complaint, the Images 1, 2, 4, and 5 are still accessible on Hadid's Instagram feed.

14. The Photographs are highly creative, distinctive, and valuable. Because of Hadid's celebrity status, and the Photographs' quality and visual appeal, plaintiff (and the photographer it represents) stood to gain licensing revenue from licensing the Photographs.

15. But defendant's unauthorized uses harm the existing and future market for the original Photographs. Hadid's Instagram post made the Photographs immediately available to her over 21 million followers and others, consumers of entertainment news—and especially news and images of Hadid herself, as evidenced by their status as followers of her—who would otherwise be interested in viewing licensed versions of the Photographs in the magazines and newspapers that are plaintiff's customers.

16. In addition, defendant's unauthorized use is commercial in nature. Hadid uses her Instagram feed for the purposes of promotion—specifically, to promote her own business interests, products, and ventures; to promote and sell the products and services of others; to maintain and increase her visibility and desirability as an endorser, actress, model; and to promote her persona itself, since Hadid's celebrity status and popularity is central to her ability to sell appearances in fashion shows and both television and print advertisements. In short, every one of Hadid's Instagram posts is fundamentally promoting something to her 21 million followers.

17. On information and belief, at the time that defendant copied and distributed the Photographs, she knew or should have known that she did not have authorization or permission to do so.

18. Defendant did not disclose their unauthorized uses of the Photographs to plaintiff or seek permission to use the Photographs. But for plaintiff's discovery of defendant's authorized uses, their infringements would still be concealed.

**C.  Systemic Piracy Destroys the Value of the Creator's Work.**

19. Xposure conducts business as a syndicator of photos. The syndication business model is predicated on licensing the use of work in multiple outlets, each of which pays a fee to publish. No single fee can compensate for the work. The business plan of syndicators depends on multiple immediate or near-immediate sales, which occasional licensing thereafter.

20. Individuals and entities in the media industries know that repeated, almost instantaneous acts of content piracy destroy the syndication value of the work of content creators and copyright owners.

21. Defendant's theft of plaintiff's work illustrates the process whereby commercial piracy of content not only deprives the owner of license fees but also destroys the syndication value of the work. Legitimate publications to which Xposure looks to pay syndication fees are unwilling to pay for work that is already widely disseminated on the internet for free by pirates.

22. The Photographs are highly creative, distinctive, and valuable. Because of Hadid's celebrity status, and the Photographs' "behind-the-scenes" quality and visual appeal, plaintiff (and the photographer it represents) stood to gain licensing revenue from licensing the Photographs.

23. But defendant's unauthorized uses harm the existing and future market for the original Photographs. Hadid's Instagram posts made the Photographs immediately available to her millions of followers and others, consumers of entertainment news—and especially news and images of Hadid herself, as evidenced by their status as followers of her—who would otherwise be interested in viewing licensed versions of the Photographs in the magazines and newspapers that are plaintiff's customers.

24. In addition, defendant's unauthorized use is commercial in nature. Hadid uses her Instagram feed for the purposes of promotion—specifically, to promote her own business interests, projects, and ventures; to maintain and increase her visibility

and desirability as an actress, celebrity; and to promote her persona itself, since Hadid's celebrity status and popularity is central to her ability to star in feature films. In short, every one of Hadid's Instagram posts is fundamentally promoting something to her millions of followers.

25. On information and belief, at the time that defendant copied and distributed the Photographs, she knew or should have known that they did not have authorization or permission to do so.

26. Defendant did not disclose her unauthorized uses of the Photographs to plaintiff or seek permission to use the Photographs. But for plaintiff's discovery of defendant's authorized uses, their infringements would still be concealed.

## CLAIM ONE
## (For Copyright Infringement)

27. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

28. Plaintiff is the copyright owner of the protected Photographs named above in this Complaint.

29. Defendant Hadid has reproduced, displayed, distributed, or otherwise copied the Photographs without plaintiff's license, authorization, or permission.

30. The foregoing acts of defendant Hadid infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, and distribute their works to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

31. Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C. § 408.

32. Plaintiff suffered damages as a result of defendant's unauthorized use of the Photographs.

33. Having timely registered its copyright in the Photographs, Plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

34. Plaintiff is informed and believes and on that basis alleges that defendant's acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which further subjects defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

35. In the alternative, plaintiff is entitled to recover its actual damages and defendant's profits attributable to the infringement of the Photographs, under 17 U.S.C. § 504(b).

36. Within the time permitted by law, plaintiff will make its election between actual damages, and profit disgorgement, or statutory damages.

37. Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. §§ 412 and 505.

## CLAIM TWO
### (For Vicarious and/or Contributory Copyright Infringement)

38. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

39. If defendant Hadid is not liable as a direct infringer of the Photographs, she is secondarily liable for the infringements directly committed by individual agents, contractors, or other infringers presently unknown (the "Direct Infringers").

40. Defendant Hadid contributed to, induced, or assisted infringements by the Direct Infringers. Those Direct Infringers infringed while acting under defendant Hadid's direction and control and/or using technology, facilities, and support services provided by her.

41. Defendant Hadid had, or should have had, knowledge of the infringements of the Direct Infringers. Further, the Photographs were published on defendant Hadid's Instagram account and Hadid was, or should have been, aware of that fact.

42. Defendant Hadid had the right and ability to supervise the infringing activity that all the Direct Infringers committed because the infringements occurred on her Instagram account.

43. Defendant Hadid obtained some financial benefit from the infringement of plaintiff's rights in the Photographs because they were a draw for viewers of her accounts regardless of the revenue received. Accordingly, defendant Hadid had an incentive to permit infringement by the Direct Infringers.

44. As a direct and proximate result of said acts of secondary infringement, plaintiff has suffered substantial damages in an amount to be proven at trial.

45. Plaintiff is entitled to actual damages and disgorgement of direct and indirect profits realized by defendant in an amount to be proven at trial or, at its election, statutory damages.

46. Within the time permitted by law, plaintiff will make its election between actual damages and profit disgorgement, or statutory damages.

47. Plaintiff is further entitled to attorney fees and costs under 17 U.S.C. § 505.

48. Plaintiff is informed and believes and on that basis alleges that defendant's acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which further subjects defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests the following:

    A.    For a preliminary and permanent injunction against defendants and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell plaintiff's Photographs described in the Complaint;

    B.    For an order requiring defendants to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

    C.    Under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendants without plaintiff's authorization—as well as all related records and documents;

    D.    For actual damages and all profits derived from the unauthorized use of plaintiff's Photograph or, where applicable and at plaintiff's election, statutory damages;

    E.    For an award of pre-judgment interest as allowed by law;

    F.    For reasonable attorney fees;

    G.    For court costs, expert witness fees, and all other costs authorized under law;

    H.    For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury of all issues permitted by law.

Dated: December 15, 2019    Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:   /s/ Peter Perkowski
Peter E. Perkowski

Attorneys for Plaintiff
XPOSURE PHOTO AGENCY INC.